

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>)<br>ADRIAN PAULINO, )<br>  a/k/a "AD," )<br>  a/k/a "Gordo," )<br>)<br>   *Defendant.* )<br>)<br>)<br>)<br>) | **UNDER SEAL**<br><br>CRIMINAL NO. 2:15cr\_154<br><br>21 U.S.C. § 846<br>**Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Heroin**<br>**(Count 1)**<br><br>21 U.S.C. § 853<br>**Forfeiture Allegation** |

## INDICTMENT

November 2015 Term - at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

<u>COUNT ONE</u>

From in or about 2014, and continuing thereafter until on or about May 19, 2015, in the Eastern District of Virginia and elsewhere, the defendant, ADRIAN PAULINO, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with other persons, both known and unknown, to commit one or more of the following offenses:

1. To unlawfully, knowingly and intentionally distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A); and,

2. To unlawfully, knowingly and intentionally distribute and possess with intent to distribute one (1) kilogram or more of a mixture and substance containing a detectable amount of

heroin, a Schedule I narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

## WAYS, MANNERS AND MEANS TO ACCOMPLISH THE CONSPIRACY

The purpose of the conspiracy was making money through the distribution of controlled substances. The ways, manners and means by which that purpose was carried out included, but were not limited to, the following.

1. It was a part of the conspiracy that the defendant and conspirators procured controlled substances from sources of supply located outside the Eastern District of Virginia.

2. It was a further part of the conspiracy that the defendant and conspirators transported controlled substances into the Eastern District of Virginia for distribution.

3. It was a further part of the conspiracy that the defendant and conspirators transported controlled substances and proceeds (cash) from the distribution of controlled substances in vehicles equipped with hidden compartments to avoid detection by law enforcement.

4. It was a further part of the conspiracy that the defendant and conspirators distributed and possessed with the intent to distribute controlled substances in the Eastern District of Virginia.

5. It was a further part of the conspiracy that the defendant and conspirators utilized a "stash" house on West Little Creek Road in Norfolk, in the Eastern District of Virginia, to store controlled substances.

6. It was a further part of the conspiracy that the defendant and conspirators generated substantial proceeds (cash) from the distribution of controlled substances in the Eastern District of Virginia.

7. It was a further part of the conspiracy that the defendant and conspirators transported proceeds (cash) from the distribution of controlled substances in the Eastern District of Virginia to places outside the Eastern District of Virginia to pay their sources of supply and to obtain additional quantities of controlled substances.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objective thereof, the following overt acts, among others, were committed in the Eastern District of Virginia and elsewhere.

1. In or about 2014, ADRIAN PAULINO and L.P. traveled from New York to Virginia Beach, in the Eastern District of Virginia, where ADRIAN PAULINO introduced L.P. to T.L.

2. In or about 2014, ADRIAN PAULINO and L.P. transported approximately one kilogram of cocaine from New York into the Eastern District of Virginia for distribution in a vehicle equipped with a secret compartment.

3. On or about December 8, 2014, at Worcester County, Maryland, ADRIAN PAULINO transported approximately $64,910 in cash in a Jeep Wrangler.

4. In or about December 2014, ADRIAN PAULINO and L.P. transported approximately three kilograms of cocaine from New York into the Eastern District of Virginia for distribution in a vehicle equipped with a secret compartment.

5. On or about March 31, 2015, at Worcester County, Maryland, ADRIAN PAULINO and L.P. transported approximately $280,060 in cash in a Nissan Altima equipped with two secret compartments.

6. In or about April 2015, at New York, New York, ADRIAN PAULINO gave W.L. money for a down payment in the purchase of a Chevrolet Equinox.

7. In or about April 2015, at New York, New York, ADRIAN PAULINO arranged for the installation of a secret compartment in a Chevrolet Equinox.

8. On or about May 19, 2015, L.P. and W.L. transported approximately four kilograms of cocaine and approximately two kilograms of heroin from New York into the Eastern District of Virginia for distribution in a Chevrolet Equinox equipped with a secret compartment.

9. On or about May 19, 2015, at Virginia Beach, in the Eastern District of Virginia, L.P. and W.L. possessed with intent to distribute approximately four kilograms of cocaine and approximately two kilograms of heroin.

10. On or about May 19, 2015, at Virginia Beach, L.P. possessed a quantity of heroin inside a secret compartment in an Infiniti G37 automobile.

(All in violation of Title 21, United States Code, Section 846).

## FORFEITURE ALLEGATION

The defendant, ADRIAN PAULINO, if convicted of the violation alleged in this indictment, as part of the sentencing of the defendant, pursuant to Fed.R.Crim.P. 32.2 and 21 U.S.C. § 853, shall forfeit to the United States:

   a. Any and all property, real and personal used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation;

   b. Any and all property, real and personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of, or traceable to, the violation; and

   c. Any and all other property of the defendant up to the value of the property subject to forfeiture above, if any property subject to forfeiture above, as a result of any act or omission of the defendant (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty.

(All in accordance with Title 21, United States Code, Section 853.)

*United States v. Adrian Paulino*
Criminal No. 2:15cr 154

A TRUE BILL:

Redacted
_____
FOREPERSON

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Darryl J. Mitchell
Assistant United States Attorney
Virginia Bar No. 37411
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - darryl.mitchell@usdoj.gov